James E. Bailey, OSB # 922008
780 NW York Drive, Suite 104
Bend, OR 97701
v: 541.241.9002
e: jbailey@byllp.com

Aron D. Yarmo, OSB # 934626
780 NW York Drive, Suite 104
Bend, OR 97701
v: 541.241.9002
e: ayarmo@byllp.com

Mark S. Hubert, OSB # 982561
2300 SW First Avenue, Suite 101
Portland, OR 97201
v: 503.234.7711
e: markhubert@pacifier.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ZIPSLEEVE, LLC,<br>An Oregon Corporation,<br><br>   *Plaintiff,*<br> vs.<br><br>WEST MARINE, INC.,<br>A California Corporation<br><br>   *Defendant.* | Case No.  3:14-cv-01754-SI<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**Trademark Infringement, False Designation of Origin/Unfair Competition/ Misrepresentation/Passing Off, Copyright Infringement, and Unjust Enrichment**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant filed and served their Motion to Dismiss under Rule 12(B)(6) on February 2, 2015.

Pursuant to FRCP 15 (a)(1) Plaintiff as a mater of course, files "Plaintiff's First Amended

Complaint" within 21 days after service of Defendant's motion.

**Page 1 –PLAINTIFF'S FIRST AMENDED COMPLAINT**

## NATURE OF THE ACTION

Plaintiff, ZipSleeve, LLC, by their attorneys bring this action in law and equity against Defendant West Marine, Inc. for:

- Trademark Infringement 15 U.S.C. §1114

- False Designation of Origin, Unfair Competition, Passing Off and Misrepresentation (Common Law Trademark Infringement) 15 U.S.C. §1125(a)

- Copyright Infringement 17 U.S.C. § 501

- Unjust Enrichment (at common law)

As set forth below, Plaintiff is the distributor of a popular boating accessory, the *"ZipSleeve,"* which is a protective cord cover used for the storage and organization of ship-to-shore power cords. Plaintiff has been assigned the patent, holds the registered copyright for the original works of visual promotional material used in the *"ZipSleeve"* packaging, and has established rights for the trademark *"ZipSleeve"* in conjunction with the sales of cord covers.

West Marine, Inc., a former retailer turned competitor of the *"ZipSleeve,"* sells a cord cover that competes with Plaintiff's product, and that bears advertising material that uses Plaintiff's trademark and Plaintiff's copyrighted visual works. Upon information and belief, West Marine, Inc. is using acts of unfair competition to promote, market, offer for sale and sell their cord cover in an effort to mislead and confuse prospective purchasers as to the origin, affiliation and sponsorship of their competing cord cover. West Marine, Inc.'s sales of their product uses titles and visual advertisements that are confusingly similar to Plaintiff's *"ZipSleeve"* and even goes to the extent of using an unauthorized photograph of Plaintiff's product in their catalogue. Upon information and belief, West Marine, Inc.'s actions are part of a deliberate attempt to divert sales away from Plaintiff, the market leader in sales of the

aforementioned cord covers. These actions will continue unless enjoined by this Court.

Plaintiff seeks to obtain permanent injunctive relief, actual and treble damages, punitive damages, attorney's fees and costs for Defendant's wrongful acts.  Plaintiff alleges as follows:

## PARTIES

1.

Plaintiff, ZipSleeve, LLC is a corporation organized and existing under the laws of the State of Oregon, having a principal place of business at 4380 SW Macadam Avenue, Suite 190, Portland, Oregon 97239, and doing business under the same name.  ZipSleeve, LLC has designated its registered agent for purposes of service of process as Robert R Neihaus, at 4380 SW Macadam Avenue, Suite 190, Portland, Oregon 97239.

2.

ZipSleeve, LLC owns the entire right, title, and interest in U.S. Patent Number 7,119,279 (the '279 patent.) (A copy of the '279 patent is appended as EXHIBIT A.)

3.

ZipSleeve, LLC is a producing entity that sells an electrical cord cover called *"ZipSleeve"* which embodies at least one of the claims of U.S. Patent No. 7, 199,279.  The ""*ZipSleeve"* is a cable cover intended for use as a protective cover over the ship to shore power lines used by large boats when docked.  Sales of *"ZipSleeve"*" to date exceed 30,000 units. These sales have been made through Plaintiff's boating trade show presence, ZipSleeve, LLC's own website, the Amazon.com website and from 2003 to 2013 through the "brick and mortar" shops of the Defendant herein, West Marine, Inc. The advertisement for the *"ZipSleeve"* can be seen at http://www.zipsleeve .com.



4.

On information and belief, Defendant West Marine, Inc. is a registered for-profit corporation organized in the State of Delaware and existing under the laws of the State of California since April 6, 1998, having a principal place of business of 500 Westridge Drive, Watsonville, CA, 95076.  It was registered in the State of Oregon on April 12, 1976, and has designated its registered agent for purposes of service of process in Oregon as CT Corporation System, 388 State Street, Ste 420, Salem, OR 97301.

5.

Defendant West Marine, Inc. is doing business as a manufacturer, importer, distributor and retailer of boating accessories that has established a network of over 300 stores in the United States as well as a strong internet sales presence.

6.

West Marine, Inc. solicits and conducts sales in the state of Oregon through the following three distinct routes:

- The on line sales segment of their internet website http://www.westmarine.com;

- Either of their retail stores in the State of Oregon located at 12085 N Parker Ave, Portland, OR 97217 and at 15230 SW Sequoia Pkwy, Suite 190, Tigard, OR; and

- The West Marine, Inc. mail-order catalogue.

## JURISDICTION

7.

This is a civil action for Trademark Infringement arising under the Lanham Act 15 U.S.C. § 1114, for False Designation of Origin, Unfair Competition, Passing Off and Misappropriation arising under the Lanham Act, 15 U.S.C. § 1125(a), for Copyright Infringement arising under the United States Copyright Act, 17 U.S.C. § 501, and for Unjust Enrichment under the common laws of the State of Oregon.

8.

This Court has subject matter jurisdiction (federal question jurisdiction) of the claims asserted herein under 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. §§ 1121.

9.

The court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 and 1338(b) over the Oregon state law common law claim of Unjust Enrichment. This claim is so related to the claims under the Lanham Act that it forms part of the same case and controversy under Article III of the United States Constitution, and hence fall within the scope of this Court's supplemental jurisdiction

//

**Page 5 –PLAINTIFF'S FIRST AMENDED COMPLAINT**

10.

This Court has in personam jurisdiction over Defendant West Marine, Inc. because: (a) it conducts regular business within Oregon having two brick and mortar retail stores within the state of Oregon, (b) its cord cover product is sold in Oregon, (c) it has engaged in unlawful and purposeful conduct directed towards ZipSleeve, LLC, an Oregon Corporation, (d) it is and has been registered with the Oregon Secretary of State as a Corporation since December 4, 1997, and (e) it has caused injury to Plaintiff in Oregon.  Defendant West Marine, Inc. has systematic and continuous contacts with the State of Oregon and has purposefully availed itself the privilege of conducting activities in Oregon by soliciting and/or conducting business transactions in Oregon.

## VENUE

11.

Venue is proper in this District of Oregon Court under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) for the same reasons.  A substantial part of the acts, events and omissions giving rise to the claims asserted in this action occurred within this Judicial District and because Defendant is subject to personal jurisdiction in Oregon.  Additionally, venue is proper because the principal place of business of ZipSleeve, LLC (the patent owner) and one of the inventors is in Oregon and many of the key documents and witnesses are located in Oregon.

## FACTS COMMON TO ALL COUNTS
## PLAINTIFF'S PATENT

12.

On October 10, 2006, U.S. Patent No. 7, 199,279 ("the '279" patent") entitled *"Protective Sleeve"* was duly and legally issued to the assignee ZipSleeve, LLC.  (A copy of the patent is attached as EXHIBIT A.)  It was acquired by assignment of the original inventors, Robert Neihaus, John E. Nemazi and Michael D. Turner at the time of the filing of the patent

application. (A copy of the patent assignment abstract of title is appended as EXHIBIT B.) This assignment is located at Reel/Frame 014689/0730 of the United States Patent and Trademark Office ("USPTO") and was received in the USPTO on November 7, 2003 accompanying the original utility patent application S/N 10/746074.

13.

The '279 patent incorporates both apparatus and method claims directed at the segmentation of the sleeve into separate shorter sleeves about its longitudinal center.

14.

The '279 patent is presumed valid per 35 U.S.C. § 282(a), and all the appropriate maintenance fees of 35 U.S.C. § 41 have been paid to ensure the continued existence of the '279 patent. (A copy of a USPTO Maintenance Fee Statement of March 20, 2014 is appended as EXHIBIT C.)

### THE COPYRIGHT IN SUIT

15.

On August 30, 2005, Plaintiff created an original work of visual promotional material which was used in the packaging of all subsequent *"ZipSleeve"* units. This consisted of two original, artistic photographs of a *"ZipSleeve"* in use with a boat owned by the president of ZipSleeve, LLC, as well as six original hand drawings depicting the features of the *"ZipSleeve."*

16.

Copyright protection was afforded Plaintiff's original work of visual promotional material upon creation and affixation in a tangible medium of expression pursuant to 17. U.S.C § 301, because it comes within the subject matter of copyright under 17 U.S.C § 102 and was created after January 1, 1978.

//

**Page 7 –PLAINTIFF'S FIRST AMENDED COMPLAINT**

17.

This visual material was registered with the US Copyright Office and US Copyright
Registration Number VA0001911986 was obtained.  The Plaintiff is the legal owner of the visual
works embodied in the advertisement insert of its *"ZipSleeve"* and is entitled to copyright
protection thereof. (A copy of the copyright is attached as EXHIBIT D.)

18.

This copyright is still valid and has not been sold, transferred or assigned by ZipSleeve,
LLC to any other party.

## THE TRADEMARK IN SUIT

19.

Plaintiff coined the term "ZipSleeve" for all of the various cord covers they sold in
interstate commerce and US Trademark Registration Number 3285002 was obtained August 28,
2007.  The section 8 affidavit of continued use was inadvertently not filed and this federally
registered trademark was cancelled April 4, 2014, although it was continuously and still is
prominently displayed and used with each ZipSleeve unit sold.  (A copy of the trademark is
attached as EXHIBIT E.)

20.

Reregistration of the trademark ZipSleeve has been applied for and is pending.  (A copy
of the reregistration is attached as EXHIBIT F.)

## PLAINTIFF'S PRODUCT - "ZIPSLEEVE"

21.

The *"ZipSleeve"* is a protective sleeve that is intended and advertised for the covering of
the ship to shore electrical cables that are used when a larger marine vessel is docked.
"*ZipSleeve*"  has a distinctive 2 ¼ inch, tubular, black nylon body with a separate zipper running

from either of its ends that meet at the middle of its tubular body.  The *"ZipSleeve"* is capable of

being separated into two shorter sleeves at its approximate midpoint and is also capable of being

joined at its distal or proximate ends to another *"ZipSleeve."*  The phrase "Patent No. 7119279"

as well as the trademark *"ZipSleeve ™"* is boldly embroidered in yellow thread on both ends of

the separable *"ZipSleeve"* body.



22.

The *"ZipSleeve"* is sold in a blister pack with a cardboard advertising insert that bears the

phrase "Patent Number 7119279", the trademark *"ZipSleeve,"* and six copyright protected

original artworks and two copyright protected original photographs.

//

//

//

//



Patent No. 7119279

23.

Plaintiff has been selling their *"ZipSleeve"* for approximately 10 years and has sold over 100,000 units.  The ZipSleeve enjoys widespread recognition it its market niche.

24.

The majority of the sales of the *"ZipSleeve"* cord cover have been to West Marine, Inc. through the Wisconsin distributor Marinco.  In the fall of 2012, Marinco terminated its relationship with Plaintiff, and Plaintiff attempted to establish a direct vendor agreement with West Marine, Inc. to handle the sale of their cord cover.  West Marine, Inc. opted out of handling the Plaintiff's cord cover because Marinco offered them "*an identical product.*"

25.

Shortly thereafter, following years of stable sales numbers, Plaintiff's sales of the *"ZipSleeve"* dropped from an annual average of $30,000 to under $5,000.

26.

In the spring of 2014, Plaintiff learned that Defendant was offering a competing cord cover for sale.  The packaging of the competing cord cover bore Plaintiff's *"ZipSleeve"*

**Page 10 –PLAINTIFF'S FIRST AMENDED COMPLAINT**

advertising material.  Thereafter, investigation revealed further statutory and common law violations by the Defendant with respect to Plaintiff's trademark and copyright rights.

### DEFENDANT'S PRODUCT

27.

Defendant offers for sale and sells a cord cover of which the advertising in their online catalogue depicts a photograph of Plaintiff's *"ZipSleeve"* cord cover.  The description and photograph unmistakably shows Plaintiff's cord cover which can be clearly identified by Plaintiff's yellow trademark "ZipSleeve" sewn thereon.  Use of Plaintiff's trademark in association with Defendant's competing cord cover was not and is not authorized.



28.

Defendant advertises their competing cord cover as the "MARINCO **ZipSleeve** Cord Organizer".  Use of Plaintiff's trademark in association with Defendant's competing cord cover was not and is not authorized.



29.

The stock cord cover sold on the shelves of West Marine, Inc.'s stores, and that is shipped to the customer when an online order for a cord cover is fulfilled, has a cardboard advertising insert that depicts five of the six copyright protected original artworks and both of the copyright protected original photographs belonging to Plaintiff. Use of Plaintiff's copyrighted work in association with Defendant's competing cord cover was not and is not authorized.

//

//

//

//

//

//

**Page 12 –PLAINTIFF'S FIRST AMENDED COMPLAINT**





30.

The actual cord cover that West Marine, Inc. is advertising and selling, both online and in their stores as a *"ZipSleeve*, is not the Plaintiff's "ZipSleeve" cord cover, but rather is Defendant's own competing product.

31.

West Marine, Inc. sold Plaintiff's *"ZipSleeve"* (which they purchased through Plaintiff's exclusive distributor) since the spring of 2004.  In the fall of 2012 the relationship between Plaintiff and their distributor was severed by Marinco and Plaintiff approached West Marine, Inc. in hopes of establishing themselves as a direct *"ZipSleeve"* vendor to West Marine, Inc.  On March 29, 2013 West Marine, Inc. rejected such a relationship stating *"Marinco has offered a new **identical product** at a much lower cost than currently and will enable us to sell it at a much lower retail."*  Plaintiff responded April 2, 2013 cautioning and reminding Defendant of the existing patent rights.

32.

Defendant advertises the Plaintiff's cord cover (the ZipSleeve) for sale but delivers instead their own cord cover with an advertising insert bearing many of the Plaintiff's copyrighted visual works of art.  The Plaintiff's *"ZipSleeve"* retails online from the Plaintiff's website for $34.95.  The West Marine cord cover retails for $49.99 from their website.

33.

Defendant was able to copy Plaintiff's visual works with little or no cost thus achieving the benefit of Plaintiff's work and outlay of expenses.

34.

Except for the allegedly infringing cord cover, Plaintiff would be able to continue their

benefit of exclusivity in this niche market and maintain their established level of sales.

35.

Defendant's sales have injured plaintiff as the direct diversion of profits from the Plaintiff to the Defendant, or at a minimum, as the loss of royalties the Plaintiff may have charged one to use the *"ZipSleeve"* associated trademark and copyright.

36.

Plaintiff's sales of "ZipSleeve" have plummeted to less than 10% of the level, which they had previously experienced for the last five years.

## COUNT I
## TRADEMARK INFRINGEMENT
### 15 U.S.C. §1114

37.

Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

38.

West Marine, Inc.'s acts as alleged constitute trademark infringement that violated 15 U.S.C § 1114 to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill during the period that Plaintiff's trademark was registered federally.

39.

Defendant's use of Plaintiff's trademark *"ZipSleeve"* was likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's goods were manufactured or distributed by Plaintiff, or were associated or connected with Plaintiff or had the sponsorship, endorsement or approval of Plaintiff.

40.

West Marine, Inc.'s use of Plaintiff's trademark *"ZipSleeve"* to advertise their own competing cord cover, occurred while Plaintiff owned a valid and legally protectable federal trademark registration and also continues to occur while Plaintiff has the rights of common law ownership of this trademark.

41.

Defendant's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Plaintiff's trademark to Plaintiff's great and irreparable injury.

42.

Upon information and belief, by such wrongful acts, Defendant has and unless restrained by the Court, will continue to cause serious irreparable injury and damage to the public and Plaintiff and to the goodwill associated with their trademark, including diversion of customers, lost sales and lost profits.

43.

Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. § 1114, 1116 and 1117.

## COUNT II
## FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, PASSING OFF

## AND MISREPRESENTATION

### (COMMON LAW TRADEMARK INFRINGEMENT) 15 U.S.C. §1125(a)

44.

Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

//

**Page 16 –PLAINTIFF'S FIRST AMENDED COMPLAINT**

45.

Based on West Marine, Inc.'s adoption and use of *"ZipSleeve"* as a brand name for their cord cover in violation of Plaintiff's established rights in *"ZipSleeve"* as a registered and common law trademark, Defendant's acts as alleged constitute trademark infringement, false designation of origin, unfair competition, passing off and misrepresentation in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a), all to the substantial and irreparable harm of the public and to Plaintiff's business reputation and goodwill.

46.

Defendant's use of a photograph of Plaintiff's branded product aside Plaintiff's trademark in Defendant's advertising to sell Defendant's own competing product, amounts to passing off.

47.

By such wrongful acts, Defendant's use of Plaintiff's trademark *"ZipSleeve"* is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiff, or are associated or connected with Plaintiff or have the sponsorship, endorsement or approval of Plaintiff.

48.

Unless restrained by the Court, Defendant's use of the *"ZipSleeve"* trademark in its advertising will continue to deceive customers and prospective customers into believing that the Defendant's products are those of the Plaintiff, and as a consequence, are likely to divert and have diverted customers away from Plaintiff. This will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's trademarks, including diversion of customers, lost sales and lost profits.

49.

Defendant's intent has been intentional, and willfully and wantonly malicious. Their

knowledge of Plaintiff's rights, their reckless disregard for the likely confusion caused by their

acts, and their conduct described herein renders this case exceptional under 15 U.S.C. § 1125(a),

1116 and 1117(a), entitling Plaintiff to Defendant's profits, actual damages, enhanced profits,

damages, costs and reasonable attorney's fees.

50.

Defendant's acts of false designation of origin, unfair competition, and misrepresentation

will continue unless enjoined by this court.

51.

Plaintiff has no adequate remedy at law.

### COUNT III
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 501

52.

Plaintiff incorporates the allegations contained in the foregoing paragraphs as though

fully set forth herein.

53.

Defendant unlawfully and willfully copied all or a part of Plaintiff's visual promotional

material which was used in the distinctive packaging and presentation of all Plaintiff's

*"ZipSleeve"* cord covers and used these images in the advertisement of Defendant's competing

cord cover. Packaged with Defendant's cord cover is a cardboard insert. On the back of the

cardboard insert is displayed five of Plaintiff's copyright protected original visual works and on

the front of the cardboard insert is displayed both of Plaintiff's copyright protected original

photographs. Defendant misappropriated and copied a significant portion of Plaintiff's

copyrighted works.

54.

Defendant's copying of Plaintiff's visual promotional material and the use of the images therein of the Defendant's cord cover misleads the public's identification of the *"ZipSleeve"* as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

55.

Defendant does not have permission to use any part of Plaintiff's copyrighted advertising material.

56.

With full knowledge of Plaintiff's rights herein, Defendant has infringed and continues to infringe Plaintiff's copyrights by directly copying the images and photographs of Plaintiff's advertising onto Defendant's product packaging and then selling and distributing Defendant's product to consumers throughout the United States and in other countries.

57.

Plaintiffs are entitled to their damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) or optionally, enhanced statutory damages.

## COUNT VI
### UNJUST ENRICHMENT

58.

Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

59.

Defendant knowingly and intentionally misappropriate Plaintiff's trademark, and

copyrighted material and uses them in Defendant's own advertising and packaging.

60.

Defendant advertises the Plaintiff's *"ZipSleeve"* cord cover photographically and

verbally in their catalog and online sales screens with no intent to provide the product as

advertised.

61.

Defendant engages in other unfair or deceptive conduct in trade or commerce by using

Plaintiff's own copyrighted material on advertising and packaging of their competing cord cover.

62.

Defendant advertises their product using a picture and the trademark of the Plaintiff's

cord cover and then sells and delivers Defendant's higher priced competing cord cover. This

action constitutes a "bait and switch" in which the consumer is led to believe the product is

Plaintiff's product when in fact the product sold is Defendant's product, thereby damaging the

reputation of the Plaintiff's product.

63.

Defendant has willfully and knowingly committed the acts alleged herein for its own

purposes and as a direct and proximate result of its improper acts, Defendant has been unjustly

enriched, receiving the financial benefit of the significant time, marketing and effort expended

by Plaintiff to create and develop the *"ZipSleeve's"* goodwill and market.

64.

Defendant's conduct further enables them to benefit unfairly from Plaintiff's success and

reputation, thereby giving Defendant commercial value it would not otherwise have.

65.

Plaintiff has suffered and will continue to suffer, loss of profits by virtue of Defendant's

**Page 20 –PLAINTIFF'S FIRST AMENDED COMPLAINT**

conduct and improper acts as well as irreparable injury to the reputation and goodwill that

Plaintiff has established over the years.

66.

It is unjust to allow Defendant to retain the above-mentioned illegally obtained benefits.

67.

Plaintiff is entitled to an award equal to Defendant's unjust profits and Plaintiff's lost

profits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests and prays that this Court enter judgment in

its favor against Defendant and grant the following relief:

A.      A judgment declaring that Defendant's conduct has:

  1.      infringed Plaintiff's copyrights in violation of 17 U.S.C. § 501;

  2.      infringed Plaintiff's registered trademark in violation of 15 U.S.C. §1114;

  3.      misrepresented and falsely designated the origin of their product in an act

  of unfair competition in violation of 15 U.S.C. §1125(a)

  4.      resulted in the unjust enrichment of Defendant

B.      A judgment that Defendant's conduct in the acts above with regard to the

infringement of the "ZipSleeve" trademark, the infringement of Plaintiff's copyrights and the

unfair competition acts have been willful and wanton;

C.      Immediately and permanently enjoining Defendant, their officers, directors,

agents, servants, employees, representatives, attorneys, related companies, successors, assigns

and all others in active concert or participation with them, from any further acts of infringement,

unfair business practices and unfair competition with respect to Plaintiff's trademark, copyright

or business.

     D.     An order and judgment requiring the Defendant to deliver to the Plaintiff for destruction all advertising material, any product packaging literature, catalogue, signs, advertising material and the like or any confusingly similar variation thereof depicting Plaintiff's trademark or copyrighted works, and that Defendant be required to recall all such items that it has delivered, shipped or otherwise provided to any distributors, retailers or third parties and refund any monies paid for such products;

     E:     An Order requiring Defendant, within 30 days after service of the judgment, to file with the Court and serve upon Plaintiff's attorney a written report under oath setting forth in detail the manner in which Defendant has complied with D herein;

     F.     An order, pursuant to 15 U.S.C. § 1117(a), based on Defendant's infringement of the "ZipSleeve" trademark, as well Defendant's acts of unfair competition in violation of 15 U.S.C. §1125(a), awarding Plaintiff the Defendant's profits, any damages sustained by Plaintiff, attorney's fees and the costs of this action;

     G.     An order, pursuant to 15 U.S.C. § 1117(a)(3), and based on Defendant's willful and wanton infringements of the "ZipSleeve" trademark rights and Defendant's acts of unfair competition, enhancing or trebling all damages awarded to Plaintiff;

     H.     An order, pursuant to 17 U.S.C. § 504, based on Defendant's infringement of Plaintiff's copyright, awarding Plaintiff both actual damages and profits of the Defendant;

     I.     An order, pursuant to 35 U.S.C. § 284, awarding to Plaintiff pre-judgment interest on the damages and their costs incurred in this action;

     J.     Awarding Plaintiff such other relief as the Court may deem just and equitable.

//

//

//

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all claims where it is so entitled, pursuant to FRCP 38(b).

DATED this 13th day of February 2015.

/s/James E. Bailey_____
James E. Bailey, OSB # 922008
780 NW York Drive, Suite 104
Bend, OR 97701
v: 541.241.9002    e: jbailey@byllp.com

/s/Aron D. Yarmo_____
Aron D. Yarmo, OSB # 934626
780 NW York Drive, Suite 104
Bend, OR 97701
v: 541.241.9002     e: ayarmo@byllp.com

/s/Mark S. Hubert_____
Mark S. Hubert, OSB # 982561
2300 SW First Avenue, Suite 101
Portland, OR 97201
v: 503.234.771 e: markhubert@pacifier.com