IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ZIPSLEEVE, LLC**, an Oregon corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>**WEST MARINE, INC.**, a Delaware corporation,<br><br>        Defendant. | Case No. 3:14-cv-01754-SI<br><br>**OPINION AND ORDER** |

James E. Bailey and Aron D. Yarmo, BAILEY & YARMO, LLP, 780 NW York Drive, Suite 104, Bend, OR 97701; Mark S. Hubert, 2300 SW First Avenue, Suite 101, Portland, OR 97201. Of Attorneys for Plaintiff.

Brenna Legaard and JoAnn L. Kohl, SCHWABE, WILLIAMSON & WYATT, P.C., 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff ZipSleeve, LLC ("ZipSleeve") brings four claims against Defendant West Marine, Inc. ("West Marine"), including a claim for trademark infringement under 15 U.S.C. § 1114. West Marine moves to dismiss ZipSleeve's § 1114 claim for failure to state a claim. For the reasons below, West Marine's motion is granted.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when the pleading states no cognizable legal theory or does not contain factual allegations sufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a pleading's factual allegations, the court must draw all reasonable inferences in favor of the non-moving party and accept all well-pleaded material facts as true. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). That presumption of truth, however, does not extend to legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Furthermore, the underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Baca*, 652 F.3d at 1216 (emphasis added). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**BACKGROUND**

The United States Patent and Trademark Office ("USPTO") maintains a Principal Register and a Supplemental Register for the registration of trademarks. A mark may be registered on the Principal Register if it satisfies certain substantive requirements such as distinctiveness and exclusivity of use. 15 U.S.C. § 1052; *see also* § 1091 (describing the requirements for registration on the Supplemental Register). Registration on the Principal Register confers a number of advantages in litigation. Notably, it is prima facie evidence that the

PAGE 2 – OPINION AND ORDER

mark is valid; that it is not confusingly similar to other marks; and that it has acquired secondary meaning. 3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 19:19 (4th ed. 2015) (citations omitted). Registration also entitles the owner of the mark to sue for trademark infringement under § 1114.

A trademark may be registered for a 10-year term, renewable indefinitely. In addition to the substantive requirements to obtain a registered trademark, the owner of a registered mark must satisfy certain procedural requirements to maintain his registration. Chiefly, he must file an affidavit of continued use with the USPTO during the fifth year of the first term of registration, and further such affidavits every 10 years as he applies for renewal. § 1058(a). If an affidavit of continued use is not timely filed, the registered trademark is automatically canceled. *Id.*

ZipSleeve obtained a registered trademark for "ZIPSLEEVE" on August 28, 2007, but failed to file the required first-term affidavit. Accordingly, on April 4, 2014, its trademark was canceled. ZipSleeve has since re-applied for a new trademark on "ZIPSLEEVE," but currently possesses no trademark in that name. ZipSleeve alleges in this action that West Marine began infringing its trademark in 2011, before the mark was canceled. The question before the Court is therefore simple, but one on which direct authority is scant: Does the owner of a mark that was properly issued, but which has since been canceled, have a cause of action under § 1114 for infringement that occurred while the mark was valid?

## DISCUSSION

Whether 15 U.S.C. § 1114 provides plaintiffs like ZipSleeve with a cause of action is "a straightforward question of statutory interpretation" to be resolved using "traditional principles of statutory interpretation." *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct.

PAGE 3 – OPINION AND ORDER

1388 (2014).[1] Unlike § 1125(a), which broadly authorizes suit by "any person who believes that he or she is or is likely to be damaged" by an act of infringement, only the "registrant" of a registered trademark may sue under § 1114. But that language merely begins the analysis, for ZipSleeve was indeed the "registrant" of the registered trademark "ZIPSLEEVE" when West Marine allegedly began its infringing activity in 2011. ZipSleeve accordingly argues that its right to sue under § 1114 accrued at that time—and that the cancellation of the mark did not extinguish that right.

West Marine provides several cases containing broad language that appear to foreclose ZipSleeve's argument. Most pertinent is *Eldon Industries v. Rubberman, Inc.*, which squarely held that "[s]ince § 1114, by its very language, applies only to registered marks, the cancellation of registration would eliminate the basis for any statutory claim of trademark infringement under § 1114." 735 F. Supp. 786, 835 (N.D. Ill. 1990). But the facts in *Eldon Industries* differ meaningfully from those in the instant case: The *Eldon* court held, as an initial matter, that the mark in that case was never entitled to be registered "because the exclusive use requirement was not met." *Id.* Only then did it dismiss the claims for relief under § 1114. *Id.* The *Eldon* court's essential reasoning was that the fact of registration "should not give a party rights to which the circumstances at the time of its registration did not entitle it." *Id.* Here, by contrast, ZipSleeve met the substantive requirements to obtain a registered mark; its mark was canceled only because it failed to meet the procedural requirements to maintain it. ZipSleeve was thus entitled to sue under § 1114 when its registration issued, and the reasoning of *Eldon Industries* is therefore inapposite.

---

[1] In its briefing, West Marine poses the question as one of "standing to assert a claim" under § 1114. But in *Lexmark*, the Supreme Court did away with the doctrine of statutory standing, holding instead that such issues are properly framed as questions on the merits. *See Metcalf v. Blue Cross Blue Shield of Mich.*, 2014 WL 5776160, at *3 (D. Or. Nov. 5, 2014).

PAGE 4 – OPINION AND ORDER

Other cases cited by West Marine appropriately involve trademarks that were canceled under § 1058(a). For example, *Spin Master, Ltd. v. Zobmondo Entertainment, LLC* held that "[t]he *statutory evidentiary presumptions* attendant to a registration disappear when the registration lapses." 2012 WL 8134013, at *6 (C.D. Cal. June 18, 2012) (emphasis added). Similarly, the Trademark Trial and Appeal Board has repeatedly held that a lapsed registration "is not evidence of anything except that it issued." *See, e.g.*, *Time Warner Entm't Co.*, 2002 WL 1628168, at *1 n.6 (Trademark Tr. & App. Bd. July 17, 2002). Moreover, the Federal Circuit has held that "a canceled registration does not provide constructive notice of anything" to other potential users of the mark. *Action Temp. Servs., Inc. v. Labor Force, Inc.*, 870 F.2d 1563, 1566 (Fed. Cir. 1989). But none of these propositions squarely responds to whether the lapse of a registration also eliminates the statutory right of action under § 1114.

These propositions do, however, shed light on the question. A statutory cause of action "extends only to plaintiffs whose interests fall within the zone of interests protected by the law invoked." *Lexmark*, 134 S. Ct. at 1388. The constructive notice to competitors and evidentiary presumptions afforded the registrant are among the most important rights a trademark registrant has under the Lanham Act. *See Application of Beatrice Foods Co.*, 429 F.2d 466, 472 (Cust. & Pat. App. 1970). By contrast, the right to exclude others from use of the mark comes not from registration, but merely from priority of use of a protectable mark. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 930 (9th Cir. 2014). And that right may be protected, in the absence of a registered trademark, using § 1125(a). *Id.* at 926. The weight of authority thus clearly indicates that Congress sought to protect only the interests of plaintiffs with *registered* trademarks under § 1114. Plaintiffs with unregistered trademarks are protected by § 1125(a), but do not fall within the zone of interests protected by § 1114. Therefore, the owner of a mark that was valid when

issued but which has since lapsed has no cause of action under § 1114—not even for infringement that occurred during the lifetime of the mark.

## CONCLUSION

ZipSleeve has failed to state a claim under 15 U.S.C. § 1114. Accordingly, West Marine's motion to dismiss (Dkt. 16) ZipSleeve's § 1114 claim is GRANTED.

**IT IS SO ORDERED**.

DATED this 19th day of May, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge